UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JAMES DOUGLAS DALE, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. C-11-114 |
| § | |
| STATE OF MISSOURI GOVERNOR JAY § | |
| NIXON'S OFFICE, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

For the reasons stated herein, the Court sua sponte DISMISSES this action pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(3) and 28 U.S.C. § 1406(a). The Court also DENIES Plaintiff's Motion for Recusal, and DENIES AS MOOT Plaintiff's Motion for Continuance. (D.E. 4.)

### I.     Factual and Procedural Background

Plaintiff James Douglas Dale, proceeding pro se, filed this action on April 11, 2011 in this Court. (D.E. 1.) In essence, Plaintiff contends that he was wrongfully convicted in the Chariton County, Missouri courts of failure to pay child support, as he is not in fact the father of the children at issue. He claims that he accepted a plea agreement with the understanding that he would receive probation, but was continuously harassed by Missouri law enforcement officers thereafter, and was later sent to prison after his probation was revoked "for no viable reason." Even after he was released, Plaintiff states that he continued to be harassed by police, and he eventually moved to Texas, where he resided at the time he filed suit. Plaintiff apparently seeks to clear his conviction and establish that he is not the father of the children at issue in this case through a paternity test. (D.E. 1 at 1-4.)

Plaintiff claims that "some Missouri courts are rife with corruption," that the judge who convicted him "did not have valid jurisdiction," and that the Missouri legal system is overly "political." (D.E. 1 at 3.) He claims to be innocent and "pray[s] that the great state of Texas will treat [him] as a human being." (D.E. 1 at 4.) Plaintiff does not state a specific cause of action in his complaint, but has checked the box for "Racketeer Influenced and Corrupt Organizations" on the Civil Cover Sheet under "Nature of Suit." (D.E. 1 at 5.) Plaintiff names as defendants (1) State of Missouri Governor Jay Nixon's office, (2) Missouri Department of Corrections, (3) Chariton County, Missouri, (4) Johnson County, Missouri, (5) Missouri Division of Child Support Enforcement, and (6) "any other state worker/agency the Federal Courts finds complicit in these acts." (D.E. 1 at 1.)

On April 13, 2011, the Court issued a Show Cause Order, directing Plaintiff to appear before the Court on May 13, 2011 to show cause as to why this action should not be dismissed for failure to state a claim, or for improper venue. (D.E. 3.) On May 4, 2011, however, the Court received notice from Plaintiff that he had been arrested in Aransas County on an outstanding Missouri warrant. He therefore requested a continuance of the May 13 show cause hearing. Plaintiff also requested that the Court recuse itself from this action because of its "political views" and "background." (D.E. 4.) The Court has subsequently been informed by the U.S. Marshal Service that Plaintiff has been extradited to Missouri to face charges for "Felony Non-Support."

The Court first addresses Plaintiff's Motion for Recusal, then turns to the merits of this action.

## II.   Discussion

### A.   Motion for Recusal

In his recusal motion, Plaintiff states only, "because of your political views and background, please consider recusing yourself on my case." (D.E. 4 at 1.) Regardless of which particular "political views" or "background" Plaintiff believes this Court to hold, or how they apply this case, the Court finds that recusal is not warranted.

Plaintiff's motion for recusal must be considered under the relevant recusal statutes, 28 U.S.C. §§ 144, 455. Section 144 sets forth the procedure for a party to file a motion requesting that a judicial officer remove himself or herself from a case, whereas section 455 requires a judicial officer to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The requirements of the two sections are "similar if not identical." U.S. v. MMR Corp., 954 F.2d 1040, 1045 (5th Cir. 1992). A motion for recusal is committed to the sound discretion of the District Court. United States v. Merkt, 794 F.2d 950, 960 (5th Cir. 1986), cert. denied, 480 U.S. 946 (1987).

Title 28, United States Code, Section 144 requires that when a party to any proceeding in a district court makes and files a timely and sufficient affidavit alleging that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further, and another judge shall be assigned to hear the proceeding. 28 U.S.C. § 144.  Once the motion is filed, "the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matter alleged." Henderson v. Dep't of Public Safety and Corrections, 901 F.2d 1288, 1296 (5th Cir.1990) (citations omitted). Plaintiff here has neither filed an affidavit, nor in any other manner indicated that this Court has a "personal bias or prejudice either against [Plaintiff] or in favor of any adverse party."  28

U.S.C. § 144. Indeed, the Court has no such bias. Recusal on the basis of Section 144 is therefore not warranted.

Recusal under 28 U.S.C. § 455 is warranted "in any proceeding in which [a judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is also warranted if a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceed," 28 U.S.C. § 455(b)(1), or in certain other circumstances of no potential relevance here. It is clear that none of the circumstances described in Section 455 are applicable in this case. Plaintiff vaguely points only to the Court's "political views" and "background," not personal bias, prejudice, or outside knowledge. Such claims are wholly insufficient to support a recusal motion. Thus, Plaintiff's Motion for Recusal is denied. (D.E. 4.)

### B. Failure to State a Claim

Although Plaintiff has checked "Racketeer Influenced and Corrupt Organizations" on the Civil Cover Sheet, he has failed to state a RICO claim (or any other, for that matter). All subsections of RICO, 18 U.S.C. § 1962(a) – (d), require "(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995); In re Mastercard Int'l, Inc., 313 F.3d 257, 261 (5th Cir. 2002) (citing Crowe).[1] It is well established that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

---

[1] According to the Fifth Circuit, the RICO subsections, in their simplest terms, state that: (a) a person who has received income from a pattern of racketeering activity cannot invest that income in an enterprise; (b) a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering activity; (c) a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity; and (d) a person cannot conspire to violate subsections (a), (b), or (c). Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995).

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Under Rule 8(a)(2), "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. (citing Twombley, 550 U.S. at 555); see also Adams v. Patel, 2009 WL 3170918, at *2 (S.D. Tex. Sept. 28, 2009) (discussing pleading standard as applied to pro se litigants).

Nevertheless, even under a liberal standard, Plaintiff has not properly stated a RICO claim against the state officials and governmental units named as defendants in this lawsuit. Plaintiff has not alleged any "pattern of racketeering activity," which generally includes specified federal crimes such as wire fraud, mail fraud, and many others. 18 U.S.C. § 1961(1). Plaintiff has also not alleged a RICO "enterprise," which is defined to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

In addition, Plaintiff names certain governmental entities as RICO defendants. There is strong authority that governmental entities, such as counties or government agencies, cannot be proper RICO defendants. See Pedrina v. Chun, 97 F.3d 1296, 1300 (9th Cir. 1996) ("We summarily reject the tenants' RICO claims against the city. . . . [W]e held that government entities are incapable of forming the malicious intent necessary to support a RICO action."); Genty v. Resolution Trust Corp., 937 F.2d 899, 915 (3d Cir. 1991) ("We thus hold that a civil claim brought under section 1964(c) of the RICO Act . . . cannot be maintained against a municipal corporation."); Nammari v. Town of Winfield, 2009 WL 4757334, at *6 (N.D. Ind. Oct. 29, 2008) ("While a municipal entity may be a RICO enterprise . . . it is not subject to RICO liability.").

Finally, Plaintiff has not demonstrated that he has standing to assert a claim under RICO. "[T]he [RICO] plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985); see Brown v. Protective Life Ins. Co., 353 F.3d 405, 407 (5th Cir. 2003) (citing Sedima). Plaintiff cannot proceed in this Court without stating a valid cause of action.

Although the Fifth Circuit has cautioned that "[g]enerally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend," it has stated that "[t]he district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair," and that a sua sponte dismissal is more acceptable if it is without prejudice. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). While the Court would have preferred to avoid dismissal under Rule 12(b)(6) until after the scheduled show cause hearing, Plaintiff's arrest and extradition to Missouri now make that infeasible. Because Plaintiff's complaint is clearly deficient, and because the dismissal is without prejudice, the Court concludes that dismissal pursuant to Rule 12(b)(6) is proper.

### C. Improper Venue

Title 28 U.S.C. § 1406(a) provides, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." When proceeding under Section 1406(a), "the Court has discretion to either dismiss [the] claims or transfer the case, sua sponte." Abramson v. America Online, Inc., 393 F.Supp.2d 438, 443 (N.D. Tex. 2005); see Caldwell v. Palmetto State Sav. Bank, 811 F.2d 916, 919 (5th Cir. 1987).

Even if Plaintiff could possibly proceed with a RICO cause of action, it is clear that venue is improper in this Court. RICO includes a specific venue provision, which provides for venue as follows:

> (a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district **in which such person resides, is found, has an agent, or transacts his affairs**.
>
> (b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that **the ends of justice require that other parties residing in any other district** be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965(a), (b) (emphasis added). Defendants are located in Missouri and have no connection whatsoever to Texas. Other than a vague reference to corruption in Missouri, Plaintiff has not demonstrated why venue is proper here rather the U.S. District Court for the Eastern District or Western District of Missouri.[2]

In light of the fact that all Defendants here are located in Missouri, and the fact that this lawsuit has no connection to Texas, this is clearly an improper venue. The proper venue for this action (if it were viable) would likely be in either the Eastern District or Western District of Missouri.[3] Although transfer of venue rather than dismissal may sometimes be the best course of action, the Court determines that dismissal without prejudice is more prudent in this case. The record reflects that Plaintiff, proceeding pro se, has been arrested on outstanding Missouri felony charges, and is presently in Missouri awaiting resolution of those charges. This action was filed

---

[2] To the extent that Plaintiff in fact wishes to raise a cause of action under 42 U.S.C. § 1983 or another cause of action instead of RICO, venue would still be improper in this Court. Title 28 U.S.C. § 1391 lays proper venue in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). None of these possibilities apply here.

[3] Under 28 U.S.C. § 105, the Eastern District of Missouri covers Chariton County (one defendant), but the Western District covers Jackson and Johnson Counties (two defendants), as well as Cole County, where the capital of Missouri, Jefferson City, is located. 28 U.S.C. § 105(a), (b).

less than one month ago, Defendants have not yet been served, and there are no other procedural developments of note. Moreover, the Court has already concluded above that Plaintiff's Complaint fails to state a claim. The Court therefore concludes that it is best to dismiss this case without prejudice, so that it may proceed in the proper forum at a later date, should Plaintiff choose to refile it. See Caldwell, 811 F.2d at 919 ("[T]he interests of justice may be best served by requiring the plaintiffs to being at the beginning in the proper forum.").

In sum, the Court finds that dismissal without prejudice pursuant to Rules 12(b)(6), 12(b)(3), and 28 U.S.C. § 1406(a) is proper.

### III. Conclusion

For the reasons stated above, the Court ORDERS as follows:

(1) Plaintiff's Motion for Recusal is DENIED (D.E. 4);

(2) Plaintiff's action is hereby DISMISSED WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(3), and 28 U.S.C. § 1406(a).

(3) Plaintiff's Motion for Continuance is DENIED AS MOOT in light of the Court's dismissal of this action (D.E. 4).

SIGNED and ORDERED this 10th day of May, 2011.

_____
Janis Graham Jack
United States District Judge